FEI CHEN, Petitioner,

v.

UNITED STATES DEPARTMENT OF
JUSTICE, Attorney General & Immi-
gration and Naturalization Service,
Respondents.

No. 06–2620–ag.

United States Court of Appeals,
Second Circuit.

May 11, 2007.

Fei Chen, pro se, New York, New York, for petitioner.

Peter D. Keisler, Assistant Attorney General, Civil Division; Linda S. Wernery, Assistant Director; Kelly J. Walls, Trial Attorney, Office of Immigration Litigation, Washington, District of Columbia, for Respondents.

PRESENT: Hon. JON O. NEWMAN, Hon. ROBERT A. KATZMANN, Hon. REENA RAGGI, Circuit Judges.

## SUMMARY ORDER

Petitioner Fei Chen, a native and citizen of the People's Republic of China, seeks review of a May 8, 2006 order of the BIA denying Chen's motion to reopen proceedings. *In re Fei Chen,* No. A 78 294 678 (B.I.A. May 8, 2006). The BIA had denied Chen's prior motion on September 23, 2005. *In re Fei Chen,* No. A 78 294 678 (B.I.A. Sept. 23, 2005). The BIA had previously affirmed the September 9, 2002 decision of Immigration Judge ("IJ") Adam Opaciuch denying Chen's application for asylum, withholding of removal, and relief under the Convention Against Tor-

ture. *In re Fei Chen,* No. A 78 294 678 (B.I.A. March 25, 2004), *aff'g* No. 78 294 678 (Immig. Ct. N.Y. City Sept. 9, 2002). We assume the parties' familiarity with the underlying facts and procedural history in this case.

■ As an initial matter, despite Chen's apparent desire to challenge the BIA's denial of her first motion to reopen and its dismissal of her appeal, this Court has jurisdiction to review only the May 2006 order denying her January 2006 motion to reopen because she failed to file timely petitions for review of the prior BIA decisions. *See* 8 U.S.C. § 1252(b)(1).

When the BIA denies a motion to reopen, this Court reviews the BIA's decision for an abuse of discretion. *Twum v. INS,* 411 F.3d 54, 58 (2d Cir.2005). An abuse of discretion may be found where the BIA's decision "provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements; that is to say, where the Board has acted in an arbitrary or capricious manner." *Ke Zhen Zhao v. U.S. Dep't of Justice,* 265 F.3d 83, 93 (2d Cir. 2001) (internal citations omitted).

■ While Chen's motion to reopen exceeded the time and numerical limitations for motions to reopen, the BIA abused its discretion in denying the motion because it failed to address the new evidence that Chen submitted. The documents Chen submitted with her motion to reopen, if authentic, suggest that country conditions have changed in Chen's country of nationality, such that her motion to reopen fell within the exceptions to the time and numerical limitations for these motions. 8 U.S.C. § 1229a (c)(7)(C)(ii); 8 C.F.R. § 1003.2(c)(3)(ii). Chen's evidence, includ-

ing the letter from her father-in-law and two notices from the village committee of Langqi Town, indicates that the family planning officials in her home province have learned of the birth of Chen's two children, and have ordered either her or her husband to undergo sterilization upon return to China. While it may be possible that the BIA considered these documents, but declined to credit them, the BIA was required to address them as "materially bear[ing]" on her claim. *See Shou Yung Guo v. Gonzales*, 463 F.3d 109, 115 (2d Cir.2006) (internal quotation marks omitted).

Our concern with the BIA's failure to address Chen's new evidence is reinforced by other documents identified in *Shou Yung Guo*, which suggest the existence of an official policy of forced sterilization in Fujian Province. *See id; see also Jin Xiu Chen v. U.S. Dep't of Justice*, 468 F.3d 109 (2d Cir.2006) (remanding for the BIA to determine the authenticity of these same documents and whether they established the existence of an official policy of forced sterilization of parents of children born abroad); *Tian Ming Lin v. U.S. Dep't of Justice*, 473 F.3d 48 (2d Cir.2007) (same).

Accordingly, on remand, the BIA should consider Chen's new evidence in light of these additional documents.

For the foregoing reasons, the petition for review is GRANTED, the decision of the BIA is VACATED, and the case RE-MANDED for further proceedings consistent with this decision. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DIS-MISSED as moot. Any pending request for oral argument in this petition is DE-NIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).